BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
The MILTON MARKS "LITTLE HOOVER" COMMISSION ON CALIFORNIA STATE GOVERNMENT ORGANIZATION AND ECONOMY has requested an opinion on the following questions:
1. Does the Little Hoover Commission have the authority to comprehensively review the administrative operations of the court system?
2. What examination may be made by the Little Hoover Commission relating to the laws pertaining to the appropriation of public funds and the methods used in administering such laws?
 CONCLUSIONS
1. The Little Hoover Commission does not have the authority to comprehensively review the administrative operations of the court system.
2. The Little Hoover Commission is authorized to examine the laws pertaining to continuing or permanent appropriations of public funds for the courts and the methods used in administering such laws, but not the structure, organization, operation or functions of the courts.
 ANALYSIS
The Milton Marks "Little Hoover" Commission on California State Government Organization and Economy ("Commission") is composed of 13 appointed members and charged with promoting economy, efficiency and improved service in state government agencies. (Gov. Code, §§8501-8542; see State Bd. of Education v. Honig (1993)13 Cal.App.4th 720, 738, fn. 8; Commission on Cal. State Gov. Org. Econ. v. Fair Political Practices Com. (1977) 75 Cal.App.3d 716,720-722.)[1] We are asked whether the Commission has the authority to conduct studies and investigations of the judicial branch of state government. More specifically, the two questions relate to whether the Commission has the authority to investigate the administration and management of the state courts and the economy and efficiency concerns associated therewith. No investigation of the decisions made by the courts in particular cases is contemplated by the questions. We conclude that while the Commission may not comprehensively review the administrative operations of the court system, it may examine the laws pertaining to continuing or permanent appropriations of public funds for the courts and the methods used in administering such statutory provisions.
The broad legislative goals in establishing the Commission are described in section 8521 as follows:
"It is the purpose of the Legislature in creating the commission, to secure assistance for the Governor and itself in promoting economy, efficiency, and improved service in the transaction of the public business in the various departments, agencies, and instrumentalities of the executive branch of the state government, and in making the operation of all state departments, agencies, and instrumentalities, and all expenditures of public funds, more directly responsive to the wishes of the people as expressed by their elected representatives, by any or all of the following means:
"(a) By adopting methods and procedures for reducing expenditures to the lowest amount consistent with the efficient performance of essential services, activities, and functions.
"(b) By eliminating duplication and overlapping of services, activities, and functions and time-consuming or wasteful practices.
"(c) By consolidating services, activities, and functions of a similar nature.
"(d) By abolishing services, activities, and functions not necessary to the efficient conduct of government.
"(e) By the elimination of unnecessary state departments and agencies, the creation of necessary new state departments and agencies, the reorganization of existing state departments and agencies, and the transfer of functions and responsibilities among state departments and agencies.
"(f) By defining or redefining the duties and responsibilities of state officers.
"(g) By revising present provisions for continuing or permanent appropriations of state funds of whatever kind for whatever purpose by eliminating any such existing provisions, and by adopting new provisions."
The powers granted to the Commission are set forth in section 8522:
"The commission, on its own motion, may, for the purpose of making reports and recommendations to assist the Legislature in respect to the matters listed in Section 8521, examine in detail the structure, organization, operation, and functions of every department, agency, and instrumentality in the executive branch of the state government, and all provisions of law and regulations pertaining thereto, and may examine all present provisions of law pertaining to continuing or permanent appropriations of public funds and the methods used in administering such provisions. The commission may make such recommendations to the Governor and to the Legislature at such time, or times as the commission deems necessary."
The answers to the two questions presented turn upon the construction of the terms of section 8522. The applicable rules of statutory construction that guide our analysis were summarized in Moyer v.Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230- 231, as follows:
"We begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining such intent "[the] court turns first to the words themselves for the answer.' [Citation.] We are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them.' [Citations.] "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose' [citation]; "a construction making some words surplusage is to be avoided.' [Citation.] "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]"
1. Comprehensive Review of the Judicial System
The first inquiry is whether the Commission is authorized to comprehensively review the administrative operations of the courts. Two separate powers are granted to the Commission by section 8522. The first appears as follows:
"The commission . . . may . . . examine in detail the structure, organization, operation, and functions of every department, agency, and instrumentality in the executive branch of the state government, and all provisions of law and regulations pertaining thereto. . . ." (Italics added.)
It is clear that the units of government which may be examined under this first mentioned power are limited to those in the executive branch. Accordingly, this power of review does not cover the judicial branch of government. (67 Ops.Cal.Atty.Gen. 274 (1984).)
We conclude in answer to the first question that the Commission does not have the authority to comprehensively review the administrative operations of the court system.
2. Appropriations of Public Funds
The second inquiry is whether the Commission may examine issues relating to the appropriation of public funds for the courts and the methods used in administering such appropriations. In this regard, the second distinct power granted to the Commission by section 8522 is as follows:
"The commission . . . may examine all present provisions of law pertaining to continuing or permanent appropriations of public funds and the methods used in administering such provisions."
This power is conferred upon the Commission as a means of accomplishing the purposes described in section 8521, subdivision (g):
"By revising present provisions for continuing or permanent appropriations of state funds of whatever kind or for whatever purpose, by eliminating such existing provisions, and by adopting new provisions."
The second power granted to the Commission in section 8522
contains no limiting reference to the executive branch of government similar to that contained in the first power granted. On the other hand, there is no similar authorization to examine the "structure, organization, operation, and functions" of the entity receiving the continuing or permanent appropriation. Hence, the second power contained in the statute is limited to an examination of the laws pertaining to continuing or permanent appropriations of public funds and the methods used in administering such laws.
This limitation is confirmed by other specific legislation. For example, in the Lockyer-Isenberg Trial Court Funding Act of 1997, the Legislature declared:
"(a) The judiciary of California is a separate and independent branch of government, recognized by the Constitution and statutes of this state as such.
"(b) The Legislature has previously established the principle that the funding of trial court operations is most logically a function of the state. Such funding is necessary to provide uniform standards and procedures, economies of scale, and structural efficiency and simplification. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
"(d) Many trial courts have made significant progress in efficiency through court coordination and in developing cost management and control systems through budget procedures and performance standards. However, this progress is not uniform throughout the court system. The Legislature recognizes that the Judicial Council has adopted mandatory rules on court coordination and on the development of budget procedures and performance standards requiring more rapid progress in this area. . . ." (Stats. 1997, ch. 850, § 2.)
Morever, section 68502.5 authorizes the Judicial Council to establish detailed procedures in implementing efficiency and cost saving measures in court operations throughout the state. Accordingly, it is the Judicial Council that has been designated by the Legislature to superintend the judiciary's budgeting of funds to promote economy, efficiency and improved service.
We conclude in answer to the second question that the Commission is authorized to examine the laws pertaining to continuing or permanent appropriations of public funds for the courts and the methods used in administering such laws, but not the structure, organization, operation or functions of the courts.
[1] All section references hereafter are to the Government Code.